IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TROY DELMAR JOHNSON, : <br> : <br> Plaintiff, : <br> : <br> VS. : <br> : <br> WARDEN AHMED HOLT, *et al.,* : <br> : <br> Defendants. : | CIVIL No.  5:14-CV-380-MTT-CHW <br><br> PROCEEDINGS UNDER 42 U.S.C. § 1983 |

## ORDER AND RECOMMENDATION

*Pro se* Plaintiff Troy D. Johnson, who is currently incarcerated at the Baldwin State Prison in Hardwick, Georgia, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  Based on his submissions, the undersigned finds that Plaintiff is currently unable to pre-pay the entire filing fee.  Plaintiff's Motion to Proceed *in forma pauperis* (ECF No. 2) is thus **GRANTED**.

This does not mean that the filing fee is waived. Plaintiff must still eventually pay the full amount of the $350.00 filing fee using the payment plan described in 28 U.S.C. § 1915(b).  The filing fee is not refundable, regardless of the outcome of Plaintiff's case, and Plaintiff is responsible for paying the entire filing fee even if his lawsuit is dismissed prior to service.

The Court must now conduct a preliminary screening of the complaint because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

**STANDARD OF REVIEW**

When conducting preliminary screening under 28 U.S.C. § 1915A, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (second alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

**DISCUSSION**

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming court's dismissal of a § 1983 complaint because the factual allegations were insufficient to support alleged constitutional violation); s*ee also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

As a preliminary matter, the undersigned notes that Plaintiff seeks to assert Section 1983 claims against Defendants in their official and individual capacities. Central State Prison is a division of the Department of Corrections, which is a Georgia agency. The Eleventh Amendment bars actions by private parties against "the State of Georgia, the GDOC, or state officials in their official capacities." *See Miller v. King*, 384 F.3d 1248, 1260 (11th Cir. 2004) (holding that Eleventh Amendment immunity protected the GDOC from a § 1983 claim) (overruled on other grounds by *Miller v. King*, 449 F.3d 1149 (11th Cir. 2006). As employees of the state, Defendants are also entitled to Eleventh Amendment immunity. *See generally Burgest v. Colquitt Cnty.*, 177 F. App'x 852, **3 (11th Cir. 2005) (affirming summary judgment in favor of state agency's employees based on Eleventh Amendment immunity). Thus, it is **RECOMMENDED** that Plaintiff's Section 1983 claims against Defendants in their official capacities be **DISMISSED**.

As to the individual capacity claims, Plaintiff's complaint alleges that officials at Central State Prison intentionally refused to deliver a transcript he ordered. The transcript was mistakenly sent to "Troy Delmar Jackson," but was not delivered to Plaintiff even though the GDC identification number on the package matched his. This conduct apparently caused Plaintiff to miss a deadline in his state habeas proceeding. Plaintiff names Central State Prison Warden Ahmed Holt, Deputy Warden John Fagan, Lieutenant "John Doe" Phelps; and Corrections Officer II "John Doe" Nelson as Defendants. Compl. 1, ECF No. 1. Plaintiff specifically alleges that Defendant Nelson signed for the mail but failed to deliver it to him. Plaintiff further alleges that he personally notified Defendants Holt, Fagan, and Phelps of the issue and requested assistance, but none was provided.

When viewed liberally and in the light most favorable to Plaintiff, these allegations may support a First Amendment claim for relief under Section 1983. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Lewis v. Casey*, 518 U.S. 343, 349-52 (1996). As such, Plaintiff's claims against Officer Nelson may proceed.

It is apparent on the face of the Complaint that Plaintiff named Defendants Warden Holt and Deputy Warden Fagan as parties only because of their supervisory positions at the prison. To state a claim against a supervisory official, Plaintiff must allege that the supervisor "personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." *Franklin v. Curry*, 738 F. 3d 1246, 1249 (11th Cir. 2013). Plaintiff has not made any such allegation or connection here. Plaintiff alleges only that he personally notified Defendants Holt and Fagan of the incident after it occurred and they each said they would look into the matter but failed to rectify the situation. Compl. 15- 17. Allegations of inaction do not state a Section

1983 claim. *See generally Iqbal*, 556 U.S. at 676 (finding that a supervisor can be held liable only "through the official's own individual actions"). Nor do Plaintiff's conclusory statements that Defendants' actions amounted to a "deliberate indifference" to his constitutional rights. *Franklin,* 738 F. 3d at 1249. As such, it is **RECOMMENDED** that the claims against Warden Holt and Deputy Warden Fagan be **DISMISSED.**

Plaintiff's allegations against Defendant Lieutenant Phelps, who Plaintiff alleges is the "supervising officer over facility mailroom personnel," fail to state a claim for much the same reason. Allegations that Phelps "deliberately obstructed his ability to petition the courts" are simply not enough to state a claim under Section 1983. *See id*. At most, Plaintiff has alleged "injury caused by the gross negligence of his subordinate mailroom personnel." Compl. 21. Mistaken or negligent acts of this type do not evidence "deliberate indifference" and do not support a constitutional claim. *See Taylor v. Adams*, 221 F.3d 1254, 1259 (11th Cir. 2000) (stating "failure to follow procedures does not, by itself, rise to the level of deliberate indifference because doing so is at most a form of negligence"). Therefore, it is **RECOMMENDED** that the claims against Lieutenant Phelps be **DISMISSED.**

Plaintiff also summarily alleges that he "was transferred from Central State Prison to the Riverbend Correctional Facility in retaliation for initiating/pursuing redress for the loss of his legal mail." Compl. 19. Although prisoners have a right to be free from retaliatory punishment and transfer for the exercise of a constitutional right, broad, conclusory, or speculative allegations of retaliation are insufficient to state a civil rights claim. *See, e.g., Smith v. Florida Dept. of Corrections*, 375 F. App'x 905, 911 (11th Cir. 2010); *Wright v. Newsome*, 795 F.2d 964, 968 (11th Cir. 1986). In this case, Plaintiff asserts no more than a vague, conclusory statement that he was transferred in retaliation for filing this suit. As such, it is **RECOMMENDED** that

any claims for retaliatory transfer should be **DISMISSED.**

## OBJECTIONS

Plaintiff may serve and file written objections to the undersigned's recommendations with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order. *See* 28 U.S.C. § 636(b)(1).

## ORDER FOR SERVICE

It is hereby **ORDERED** that service be made on Defendants Central State Prison Corrections Officer II Nelson. The Defendants shall file an Answer or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall, at all times, keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendant is advised that he is expected to diligently defend all allegations made against him and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions

have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendants from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer

7

or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  <u>except with written permission of the court first obtained</u>, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

### **REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred-twenty (120) days from when the discovery period begins unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

In accordance with the Prison Litigation Reform Act, Plaintiff's custodian is hereby directed to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00. Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

**SO ORDERED and RECOMMENDED**, this 10th day of December, 2014.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge