IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TROY DELMAR JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:14-CV-380 (MTT) ) |
| WARDEN AHMED HOLT, *et al.*, | ) ) |
| Defendants. | ) ) ) |

## ORDER

Before the Court is the Recommendation of Magistrate Judge Charles H. Weigle. (Doc. 5). After reviewing the complaint pursuant to 28 U.S.C. § 1915A, the Magistrate Judge recommends allowing the Plaintiff's First Amendment claim[1] against Defendant Officer Nelson to proceed but recommends dismissing his claims against the Defendants in their official capacities; his claims against Defendants Warden Holt, Deputy Warden Fagan, and Lieutenant Phelps; and his First Amendment retaliation claim. The Plaintiff has objected to the Recommendation.[2] (Doc. 10). The Court has

---

[1] Though the Recommendation does not further specify, the Court assumes the Recommendation is referring to the access-to-courts claim against Officer Nelson, which, as discussed below, is grounded in the First Amendment, Fourteenth Amendment, and the Article IV Privileges and Immunities Clause.

[2] In his objection, the Plaintiff amends his complaint pursuant to Fed. R. Civ. P. 15(a), which allows a plaintiff to amend his complaint once as a matter of course within 21 days of service of an answer or Rule 12 motion. The Plaintiff purports to amend his complaint to assert a claim for "deliberate indifference" on the part of "Warden Ahmed Holt, et al. … as he attempted to [] set out in the original pleading." Because the Plaintiff has not alleged any facts which could plausibly state an Eighth Amendment claim, the Court assumes he is trying to correct deficiencies in his allegations regarding his access-to-courts claims against Defendants Holt, Fagan, and Phelps. As discussed below, the Court concludes the access-to-courts claims against Defendants Fagan and Phelps should go forward. The Plaintiff has not alleged any additional facts regarding Defendant Holt's conduct, and the Plaintiff's conclusory allegation that he was deliberately indifferent does not change the analysis.

reviewed the Recommendation and the Plaintiff's objection and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects. Because the Court finds that the Plaintiff's access-to-courts claims against Deputy Warden Fagan and Lieutenant Phelps should also be allowed to go forward, the Court **ADOPTS in part and REJECTS in part** the Recommendation.

## I. DISCUSSION

As noted in the Recommendation, because the Plaintiff is a prisoner seeking redress from prison officials, the Court must dismiss the complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

### A. Official Capacity Claims and First Amendment Retaliation Claim

The Court agrees that the claims against the Defendants in their official capacities and the Plaintiff's First Amendment retaliation claim should be dismissed for the reasons stated in the Recommendation. Thus, the Court adopts the Recommendation as to these claims.

### B. Access-to-Courts Claims

#### 1. Allegations

The Plaintiff alleges that the Defendants' actions pertaining to the loss of his state habeas court transcript denied him his constitutional right of access to the courts. The Plaintiff details the actions leading up to his state habeas court proceeding and the claims asserted therein. After an evidentiary hearing held on September 6, 2012, the

state habeas judge instructed the parties to submit their proposed final orders or briefs within 60 days of receipt of the hearing transcript. (Doc. 1 at 12).

The Plaintiff asserts he began inquiring about the transcript in October 2012 when he still had not received it. After the Plaintiff contacted several people, the court reporter for the evidentiary hearing, Donna Cady, informed the Plaintiff that she sent him a copy of the hearing transcript via "UPS certified mail"[3] and that an Officer Nelson at Central State Prison signed for it at 10:34 a.m. on January 10, 2013. (Doc. 1 at 13).

The Plaintiff twice notified Warden Holt and Deputy Warden Fagan of the missing transcript and the reason it was crucial to his timely filing a response in his state habeas case. Holt instructed Fagan to look into the matter on February 22, 2013. (Doc. 1 at 15). On March 4, when the Plaintiff informed Holt and Fagan the matter still had not been resolved, Holt instructed Fagan to "immediately" write a letter to the Ware County Superior Court "and inform the clerk that Plaintiff's transcript had not been delivered to Plaintiff due to being misplaced by prison mailroom officials." (Doc. 1 at 15). The Plaintiff contacted the Ware County Superior Court clerk on March 12 and was informed no such letter had arrived.

On March 14, 2013, the Plaintiff contacted Defendant Phelps, the supervising officer over the mailroom, and explained the situation to him. Phelps told the Plaintiff he would look into it. (Doc. 1 at 16).

On April 24, 2013, the Plaintiff received a copy of the proposed final order submitted by the respondent in his state habeas case. (Doc. 1 at 16). However, without the evidentiary hearing transcript the Plaintiff was unable to "effectively draft and

---

[3] It is unclear whether the Plaintiff means USPS certified mail or UPS.

-3-

submit objections" to the proposed order. On April 26, the Plaintiff received a copy of the final order denying his state habeas petition, which had been entered on April 19.

The Plaintiff then alleges the court reporter wrote him a letter and informed him the transcript was erroneously sent to Troy Delmar *Jackson* instead of Troy Delmar *Johnson*. The address and inmate identification number were correct. The Plaintiff contends mailroom officials are required by policy to "compare the 'addressee's' name and GDC Identification Number … against the inmate population database to verify that said addressee is incarcerated at that facility … by entering the addressee I.D. number into the computer search engine." If there is a discrepancy, "policy dictates that the official return the article of mail to the sender." (Doc. 1 at 20). The Plaintiff contends that if the mailroom official had either conducted a proper inmate search or returned the transcript to the court reporter so that she could realize the discrepancy and resend it, he would have received the transcript in time.

**2. Analysis**

"Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003). "To pass constitutional muster, access to the courts must be more than merely formal; it must also be adequate, effective, and meaningful." *Id.* The Supreme Court has categorized two types of access-to-courts claims that courts have recognized: forward-looking claims in which the opportunity to litigate "has not been lost for all time" and backward-looking claims that "cannot now be tried (or tried with all material evidence), no matter what official action may be in the future." *Christopher v. Harbury*,

536 U.S. 403, 413-14 (2002).  To state a backward-looking claim, a plaintiff must show: (1) a non-frivolous or arguable underlying claim; (2) official action that frustrated the litigation; and (3) "a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought."  *Id.* at 415.  A plaintiff must show actual injury resulting from the officials' conduct, "such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." *Al-Amin v. Smith*, 511 F.3d 1317, 1332 (11th Cir. 2008) (internal quotation marks and citation omitted).  Further, courts have held that mere negligence on the part of a prison official does not support a claim for denial of access to the courts.  *Simkins v. Bruce*, 406 F.3d 1239, 1242 (10th Cir. 2005); *Snyder v. Nolen*, 380 F.3d 279, 291 n.11 (7th Cir. 2004); *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995); *Hines v. Boothe*, 841 F.2d 623, 624 (5th Cir. 1988).

      The Plaintiff has plausibly alleged a non-frivolous underlying claim and actual injury based on the dismissal of his state habeas petition.  Thus, the Court considers whether the officials' actions allegedly contributing to the dismissal of the Plaintiff's state habeas petition are actionable.

      Though it is clear negligent conduct is not actionable, courts have differed as to what state of mind is required to hold a defendant liable for an access-to-courts claim, and the Eleventh Circuit has not squarely addressed the issue.  *See Simkins*, 406 F.3d at 1242 (intentional conduct but no showing of "malicious motive" required); *Scheeler v. City of St. Cloud, Minn.*, 402 F.3d 826, 830-31 (8th Cir. 2005) (if right of access derives from First Amendment, intentional motivation to restrict access to courts is required; if

right derives from Due Process Clause, deliberate indifference is required);[4] *Crawford-El v. Britton*, 951 F.2d 1314, 1318 (D.C. Cir. 1991) (at least deliberate indifference required); *Germany v. Vance,* 868 F.2d 9, 17-18 (1st Cir. 1989) ("reckless or callous indifference" is actionable).

The only conduct attributed to Officer Nelson is his signing for the Plaintiff's transcript. It is not clear from the complaint whether Officer Nelson was the official who processed the Plaintiff's transcript in the mailroom. Because the Court cannot say at this point whether Officer Nelson's conduct was merely negligent or was actionable misconduct, the Court agrees with the Recommendation this claim should proceed.

The Recommendation found that the Plaintiff is seeking to hold the remaining Defendants liable because of their supervisory positions and that he failed to sufficiently allege either personal participation in the alleged unconstitutional conduct or a causal connection between their actions and a violation of the Plaintiff's rights. *See Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014) (describing requirements for holding supervisory officials liable for constitutional violations). As to Warden Holt, the Court agrees with the Recommendation that the claim against him should be dismissed. The Plaintiff alleges that each time he told Warden Holt about the problem with his transcript Warden Holt directed Deputy Warden Fagan to look into it. These actions clearly do not amount to intentional or even deliberately indifferent conduct interfering with the Plaintiff's right of access to the courts, and the Plaintiff has alleged no other facts to

---

[4] The Eighth Circuit appears to treat First Amendment access-to-courts claims as those arising out of the failure of law enforcement to properly investigate and Due Process Clause access-to-courts claims as those arising in the prison litigation context, "as in situations where a prisoner's access to counsel, mail, or the law library has been curtailed." *Scheeler*, 402 F.3d at 830-31.

show a causal connection between Warden Holt's conduct and a constitutional violation.[5]

Defendants Fagan and Phelps are a different story. The Plaintiff alleges he told them that his transcript was missing, that Officer Nelson signed for it, that the transcript was necessary for him to meet a filing deadline in his state habeas case, and that the Defendants were supposed to look into it but never did. At this stage, the Court concludes these claims should be allowed to proceed.

## II. CONCLUSION

The Court has reviewed the Recommendation, and the Court accepts in part and rejects in part the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation is **ADOPTED in part and REJECTED in part**. Accordingly, the claims against the Defendants in their official capacities, the Plaintiff's First Amendment retaliation claim, and the access-to-courts claim against Defendant Warden Holt are **DISMISSED**. The Plaintiff's access-to-courts claims against Defendants Officer Nelson, Deputy Warden Fagan, and Lieutenant Phelps are allowed to proceed.[6] It is

---

[5] The Plaintiff's conclusory allegation that Defendant Holt "fostered practices, policies and/or customs of reckless indifference and/or active concealment of the loss or destruction of Plaintiff's legal mail" is insufficient to state a claim. (Doc. 1 at 21).

[6] The Plaintiff cites the Fourth and Fifth Amendments, but he has alleged no facts which would state claims under either constitutional provision. He also cites Article I, Section 2, Paragraph IX of the Georgia Constitution, as well as O.C.G.A. §§ 51-1-6 and 51-1-8. The statutes cited discuss general tort principles and allow damages to be recovered for breaches of legal duties but are not themselves the sources of any legal duties. The Georgia constitutional provision provides that the state's sovereign immunity can only be waived by an act of the General Assembly. The Georgia Tort Claims Act ("GTCA") waives the state's sovereign immunity "for the torts of state officers and employees while acting within the scope of their official duties or employment." O.C.G.A. § 50-21-23(a). It is the "exclusive remedy for any tort committed by a state officer or employee. A state officer or employee who commits a tort while acting within the scope of his or her official duties or employment is not subject to lawsuit or liability therefor." O.C.G.A. § 50-21-25(a). "This means that state officers and employees … are immune from tort suits seeking to impose individual liability on them for any tort committed by them within the

**ORDERED** that service be made on Deputy Warden John Fagan and Lieutenant Phelps of Central State Prison and that they file an answer or such other response as may be appropriate under Fed. R. Civ. P. 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  The Defendants are also reminded of the duty to avoid unnecessary service expenses and of the possible imposition of expenses for failure to waive service.  The Plaintiff is reminded of his duty to keep the clerk of court and all opposing attorneys advised of his current address, duty to prosecute this action, and the provisions regarding discovery in the Magistrate Judge's order.

      **SO ORDERED,** this 26th day of February, 2015.

                                            S/ Marc T. Treadwell
                                            MARC T. TREADWELL, JUDGE
                                            UNITED STATES DISTRICT COURT

---

scope of state employment, including torts based on intentional wrongful conduct or actions taken with malice and intent to injure." *Gowen Oil Co. v. Streat*, 324 Ga. App. 370, 370, 750 S.E.2d 708, 709 (2013).  Further, the GTCA provides that "[a] person bringing an action against the state under the provisions of this article must name as a party defendant only the state government entity for which the state officer or employee was acting and shall not name the state officer or employee individually." O.C.G.A. § 50-21-25(b).  Though the statute provides that the state government entity must be substituted as the party defendant if the individual state actor is named, the GTCA only waives the state's sovereign immunity for tort suits brought in Georgia state courts and preserves its immunity for tort suits brought in the courts of the United States.  O.C.G.A. § 50-21-23(b); *see also Alyshah v. Georgia*, 239 F. App'x 473, 474 (11th Cir. 2007).  Thus, the Plaintiff's state law tort claims fail as a matter of law.