IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TROY DELMAR JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:14-CV-380 (MTT) |
| ) | |
| Warden AHMED HOLT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### ORDER

Before the Court is the Recommendation of United States Magistrate Judge Charles Weigle (Doc. 25) on the Defendants' motion to dismiss (Doc. 17). The Magistrate Judge recommends granting the Defendants' motion because the Plaintiff failed to exhaust his administrative remedies. The Plaintiff has objected to the Recommendation, and the Defendants have responded. (Docs. 26, 27). Pursuant to U.S.C. § 636(b)(1), the Court has reviewed the Plaintiff's objection and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects.

I.

The Plaintiff has asserted additional facts in his objection. Therefore, the Court will construe the objection as a motion to amend the complaint. *See Newsome v. Chatham Cty. Det. Ctr.*, 256 F. App'x 342, 344 (11th Cir. 2007) ("Although the form of those additional allegations were objections to the recommendation of dismissal, the collective substance of them was an attempt to amend the complaint. Because courts must construe pro se pleadings liberally, the district court should … consider[ the

plaintiff's] additional allegations in the objection as a motion to amend his complaint and grant[ ] it."). Accordingly, this motion is **GRANTED.**

**II.**

### A.  *Turner v. Burnside*

The resolution of a failure-to-exhaust administrative remedies defense involves two steps.  *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir.2008).  The court first looks at the parties' factual allegations.  *Id.*  If they conflict, the court takes the plaintiff's version of the facts as true.  *Id.*  "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed."  *Id.*  If the complaint is not subject to dismissal under the plaintiff's version of the facts, the court must proceed to the second step, making specific findings of fact to resolve the disputed factual issues related to exhaustion.  *Id.*  At this step, the Defendants have the burden to prove the Plaintiff failed to exhaust his administrative remedies.  *Id.*

### B.  Analysis

The Plaintiff has alleged he has exhausted his administrative remedies. Specifically, he alleges he filed a grievance, received no response within the 40 days allotted for the prison to respond, and he filed an appeal, which also did not receive a response within the allotted time.  (Docs. 17-2 at 8; 17-3 at 2; 26 at 3; 26-1 at 3).  He admits his grievance was untimely, but he has alleged in his objection that the grievance coordinator waived the ten-day filing requirement for grievances.  (Doc. 26 at 2).  The Defendants point out that the grievance "falsely" states that the Plaintiff discovered the non-delivery of his mail on May 28, 2013, the day before he filed the

grievance, and therefore, the grievance coordinator would not have needed to waive the deadline. (Doc. 27 at 3). However, the grievance states on its face that the grievance relates to an incident that occurred in February, thereby putting the grievance coordinator on notice of possible untimeliness. (Docs. 17-3 at 2; 26-1 at 1). Because the grievance coordinator submitted the grievance to Central State Prison, it is plausible that she waived the ten-day requirement at screening, as described in the Standard Operating Procedures ("SOP").[1] (Docs. 17-4 at 8, 14; 26-1 at 2). Therefore, taking the Plaintiff's allegations as true, he has asserted sufficient facts to allege compliance with the SOP and thus exhaustion.

At step two, the Court makes specific findings of fact to resolve the disputed factual issues related to exhaustion, and the Defendants have the burden to prove the Plaintiff failed to exhaust his administrative remedies. *Turner*, 541 F.3d at 1082. Here, the parties dispute whether the Plaintiff obtained a good cause waiver to excuse the untimely filing of his grievance. The Plaintiff contends he received a waiver from the grievance coordinator. (Doc. 26 at 2). The Defendants disagree. (Doc. 27 at 2-3).

The Defendants have not provided sufficient evidence to refute the Plaintiff's assertion that he received a good cause waiver. The bare assertion that the grievance

---

[1] When an out-of-time grievance is received by a grievance coordinator, the coordinator may recommend that the Warden reject it for untimeliness or "waive the time limit for good cause" as part of a "screening" process. (Doc. 17-4 at 8). When a prisoner is grieving an incident at a different facility, it appears that the grievance coordinator at the inmate's current institution is responsible for this screening process because the grievance coordinator at the named facility picks up the grievance procedure later at the "processing" stage. (Doc. 17-4 at 14-15) ("Where a grievance is filed in reference to a different facility, the Grievance Coordinator at the offender's current facility will … forward the Original Grievance to the Grievance Coordinator at the named facility for *processing*.") (emphasis added). "Processing" occurs after "screening," and screening is where the grievance coordinator determines whether to recommend rejection for untimeliness. (Doc. 17-4 at 8). Processing occurs "[o]nce the Grievance Coordinator accepts the grievance or once the Warden rejects the Grievance Coordinator's recommendation to reject the grievance." (Doc. 17-4 at 9). This suggests that the coordinator at the prison where the incident occurred is responsible for issuing the good cause waiver. This is exactly what the Plaintiff has alleged.

was untimely filed is insufficient, as is pointing out that the Plaintiff's reason for untimeliness is not included in the SOP's exemplar list. (Doc. 27 at 2, 3). The Court notes that the grievance at issue here was filed in 2013 and is still listed as "pending."[2] (Docs. 17-2, ¶ 25; 17-3 at 3). Hence, it does not appear to have been rejected as untimely at screening, as mandated by the SOP. (Doc. 17-4 at 8). Furthermore, the Defendants have not provided any evidence that the grievance was rejected, such as the acknowledgement an inmate signs when he receives a rejected grievance back. (Doc. 17-4 at 9). On the contrary, they have provided evidence that the grievance is *pending*, suggesting that it was accepted. Therefore, the Defendants have not carried their burden to prove the Plaintiff failed to exhaust his administrative remedies. *Cf. Whatley v. Warden, Ware State Prison*, ___ F.3d ___, 2015 WL 5568465, at *9 (11th Cir.) ("[D]istrict courts may not enforce a prison's procedural rule to find a lack of exhaustion after the prison itself declined to enforce the rule.").

### III. CONCLUSION

For the foregoing reasons, the Magistrate Judge's Report and Recommendation is **REJECTED** and the Defendants' Motion to Dismiss is **DENIED**.

**SO ORDERED**, this the 23rd day of October, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[2] The grievance history is largely illegible, so it is unclear if the Plaintiff's appeal is also listed as still pending.